IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **DARREN FOREMAN** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | |
| | § | |
| **CITY OF FORT WORTH**, a municipal corporation, **TOM HIGGINS, KAREN MARSHALL, RACHAEL BUCKLEY, ANGELA SHERMAN, RICHARD ZAVALA, SANDRA YOUNGBLOOD, ANN MARIE MENDEZ, GEORGE KRUZIK, RALPH CANO, and DOUG HERRON**, and Does 1 through 5, all in their individual and official capacities, | § § § § § § § § § | Civil Action No. 4:13-CV-00526-Y |
| Defendants. | § | |

### DEFENDANTS TOM HIGGINS AND RICHARD ZAVALA'S
### MOTION FOR ATTORNEYS' FEES AND BRIEF IN SUPPORT

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT:

COMES NOW, Defendants Tom Higgins ("Higgins") and Richard Zavala ("Zavala") (each appearing in his individual capacity only) (hereinafter collectively referred to as "Defendants"), and file their Motion for Attorneys' Fees and Brief in Support. In support thereof, Defendants would respectfully show as follows:

### I.  INTRODUCTION

Higgins and Zavala seek recovery of the attorneys' fees incurred on their behalf against Plaintiff for the wrongful filing of this Section 1983 employment discrimination and harassment action against them in their individual capacities. This Court has the authority to award those fees according to 42 U.S.C. § 1988(b), which provides that in Section 1983 actions "the court, in its discretion, may allow the prevailing party … a reasonable attorney's fee as part of the costs."

## II.   BACKGROUND

On June 28, 2013, Plaintiff filed this employment discrimination and harassment claim against the City of Fort Worth and ten individual employees of the City of Fort Worth under Section 1983 alleging that Defendants unlawfully failed to promote him because of his race and national origin. *See* Clerk's Dkt. No. 1.  This complaint contained no factual allegations against Higgins or Zavala in their individual capacities.  On October 8, 2013, Plaintiff filed his First Amended Complaint.  *See* Clerk's Dkt. No. 4.   This Complaint also lacked any factual allegations against Higgins or Zavala in their individual capacities.

On November 11, 2013, Higgins and Zavala filed a Motion to Dismiss Plaintiff's First Amended Complaint.  *See* Clerk's Dkt. No. 16.  Defendants' dismissal motion was based on the following: (1) Plaintiff failed to plead basic factual elements which, taken as true, stated any cause of action against Higgins or Zavala in any capacity; (2) Plaintiff failed to allege sufficient factual allegations to overcome Higgins and Zavala's qualified immunity; and (3) Plaintiff's claims against Higgins and Zavala were barred by the statute of limitations.  *Id.*

Rather than filing a response to Defendants' Motion to Dismiss the First Amended Complaint ("Complaint") and without seeking leave of court or an agreement from opposing counsel, on November 29, 2013, Plaintiff filed a Second Amended Complaint.  *See* Clerk's Dkt. No. 22.  Again, this Amended Complaint contained no factual allegations supporting Plaintiff's claim against Higgins or Zavala.

On December 4, 2013, Higgins and Zavala filed a Motion to Strike Plaintiff's Second Amended Complaint.  *See* Clerk's Dkt No. 25.  The Court granted this motion on December 11, 2013.  *See* Clerk's Dkt No. 26.

On December 18, 2013, Plaintiff filed a Motion to Dismiss Selected Defendants (including Higgins and Zavala) in Their Individual Capacities, Without Prejudice; and Motion to File Plaintiff's Second Amended Complaint. *See* Clerk's Dkt No. 27. The Court granted this motion on January 14, 2014. *See* Clerk's Dkt No. 30. Plaintiff filed his Second Amended Complaint on January 30, 2014. *See* Clerk's Dkt No. 31. Because the claims against Higgins and Zavala in their individual capacities have been dismissed, they are prevailing parties under Section 1988.

A review of the procedural history of this case demonstrates that Plaintiff never had a factual basis to file a claim against Higgins and Zavala in any capacity. After making three attempts to state individual claims against Higgins and Zavala, and having the benefit of reviewing Defendant's Motion to Dismiss Plaintiff's First Amended Complaint, Plaintiff asserted no factual basis for his claims against Higgins and Zavala in their individual capacities. Indeed, Plaintiff ultimately voluntarily dismissed his claims against them. As explained below, Plaintiff's claims against Higgins and Zavala were frivolous because Plaintiff offered no factual basis that Higgins or Zavala had any direct, personal involvement in the alleged decision not to promote him, his alleged harassment and/or alleged constructive discharge, let alone state a viable cause of action against them. Therefore, Defendants are prevailing parties and are entitled to an award of attorneys' fees against Plaintiff under 42 U.S.C. § 1988(b).

### III.   ARGUMENT & AUTHORITIES

Attorneys' fees are warranted under 42 U.S.C. § 1988(b), which provides, in relevant part, that "[i]n any action or proceeding to enforce a provision of section[ ] ... 1983 ..., the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs...." 42 U.S.C. § 1988(b).

The threshold showing for an award of fees differs depending on whether the prevailing party is a plaintiff or a defendant. *Hidden Oaks Ltd. v. City of Austin*, 138 F.3d 1036, 1053 (5th Cir 1998). The Fifth Circuit has found that a defendant may recover fees under Section 1988 upon a showing "that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Hughes v. Rowe*, 449 U.S. 5, 14 (1980) (quoting from *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412 (1978)).

A claim is frivolous when it lacks an arguable legal foundation. *Offord v. Parker,* 2012 WL 13929, *2 (5th Cir. Jan. 4, 2012) (holding a claim barred by res judicata to be frivolous). A plaintiff's claim is also frivolous where it lacks an adequate factual basis, as when the complaint asserts only conclusory allegations or when the plaintiff fails to offer any evidence in support of a given claim. *See Myers v. City of West Monroe*, 211 F. 3d 289, 293 (5th Cir. 2000) (upholding an award of fees to prevailing defendants where plaintiff offered no evidence to support her constitutional claims). In determining whether a suit is frivolous, the Fifth Circuit has approved consideration of "factors such as whether the plaintiff established a prima facie case, whether the defendant offered to settle, and whether the court held a full trial." *Myers*, 211 F. 3d at 292. No single factor is controlling; the court should decide whether a claim is frivolous on a case-by-case basis. *Silsbee Ind. Sch. Dist.*, 2011 WL 4056739, *3 (5th Cir. Sept. 12, 2011). Applying these standards to this case yields a conclusion that Plaintiff's section 1983 claims against Higgins and Zavala were frivolous and groundless.

Plaintiff could not set forth a prima facie case against Higgins or Zavala. After three attempts and after Plaintiff's counsel engaged in "[c]lient conferences to obtain factual information," Plaintiff failed to set forth any factual allegations against Higgins or Zavala in any capacity giving rise to his cause of action. *See* Clerk's Dkt No. 27 at 2. Plaintiff's Complaint

failed to make one single mention of Higgins or Zavala in the twenty paragraphs comprising the detailed Facts section. *See* Clerk's Dkt No. 4 ¶¶ 13-33. Plaintiff's Complaint failed to allege that Higgins or Zavala subjected him to conduct that occurred under color of state law, nor did he allege that they personally deprived him of any constitutional or federal statutory right. Plaintiff failed to allege that Higgins or Zavala had any direct, personal involvement in the alleged decision not to promote him, his alleged harassment and/or alleged constructive discharge. In short, Plaintiff's claims against Higgins and Zavala were frivolous because he did not provide any facts implicating Higgins or Zavala in any capacity.

Nevertheless, Plaintiff persisted in bringing these baseless claims. Consequently, Defendants were forced to secure counsel to enter an appearance in this cause and pay counsel to move for dismissal of the baseless claims against them in their individual capacities. Plaintiff's egregious conduct forced Defendants to incur $10,485.00 in attorneys' fees and expenses. *See* Declaration of Russell D. Cawyer, attached as Exhibit A, ¶ 10. Therefore, an award of attorneys' fees against Plaintiff under 42 U.S.C. § 1988(b) is appropriate. *See, e.g., Myers,* 240 F.3d at 293 (awarding fees to prevailing defendants in § 1983 action based on holding that claims against police officer defendant and city defendant were frivolous because plaintiff offered no evidence that defendant police officer violated any of her rights and no evidence implicating city defendant); *Walker v. City of Bogalusa,* 168 F.3d 237, 240 (5th Cir. 1999) (where the plaintiffs had no evidence of a discriminatory purpose, or even evidence of disparate racial impact, their equal protection claim was frivolous and fees were properly awarded to defendants); *Saman v. Robbins,* 173 F.3d 1150, 1157 (9th Cir. 1999) (defendant police officer whose only role in the incident arising out of the use of deadly force giving rise to lawsuit was drawing the diagram of the scene was entitled to attorney's fees in connection with groundless Fourth Amendment claim

against him); *Morse v. N. Coast Opportunities, Inc.,* 118 F.3d 1338, 1343 (9th Cir. 1997) (defendant organization is entitled to attorney's fees where the plaintiff, in her Section 1983 claim, did not allege any actions by the organization that could be reasonably attributed to the State of California); *Leffler v. Meer,* 60 F.3d 369, 373 (7th Cir. 1995) (no abuse of discretion in awarding fees to defendant governmental entity that, based on state law, had no final decision making authority in areas in which they were alleged to have caused death of decedent); *Estate of Drayton v. Nelson,* 532 F.3d 165 (7th Cir. 1994) (no abuse of discretion in awarding fees to Marion County because it was clear that county in Indiana has no control over sheriff and no competent lawyer should have made mistake of including county as defendant); *Munson v. Milwaukee Bd. of Sch. Directors,* 969 F.2d 266, 269 (7th Cir. 1992) (where plaintiff had no factual basis, only speculation, for either his Section 1983 claim or pendent state claims, trial court did not abuse its discretion in awarding fees to defendants for time spent on both federal and state claims); *Price v. State of Hawaii,* 939 F.2d 702, 709 (9th Cir. 1991) (no abuse of discretion in awarding fees to defendant, where there was no factual basis for claim that defendant was acting under color of state law); *Fidelity Guarantee Mortg. Corp. v. Reben,* 809 F.2d 931, 936 (1st Cir. 1987) (defendant entitled to fees, including fees for time spent obtaining fees after plaintiff voluntarily dismissed action, where plaintiff had no factual basis for complaint and only reason for pursuing claim was harassment).

## IV.     CONCLUSION & PRAYER

For the reasons set forth above, Defendants respectfully request that they be awarded $10,485.00 in attorneys' fees and expenses incurred in defending against Plaintiff's frivolous claim. Defendants further respectfully request that this award be assessed against Plaintiff.

Defendants further request all other relief to which they are justly entitled to whether at law or in equity.

                                            Respectfully submitted,

                                            */s/ Russell D. Cawyer*
                                            Russell D. Cawyer
                                            State Bar No. 00793482
                                            Paige P. Biggs
                                            State Bar No. 24037810
                                            **KELLY HART & HALLMAN LLP**
                                            201 Main Street, Suite 2500
                                            Fort Worth, Texas  76102
                                            Telephone:     (817) 332-2500
                                            Telecopy:       (817) 878-9280
                                            Email:  russell.cawyer@kellyhart.com
                                            Email: paige.biggs@kellyhart.com

                                            **ATTORNEYS FOR DEFENDANTS**
                                            **TOM HIGGINS AND RICHARD ZAVALA IN**
                                            **THEIR INDIVIDUAL CAPACITIES**

## CERTIFICATE OF CONFERENCE

On January 30, 2014, counsel for Defendants Higgins and Zavala conferred with Plaintiff's counsel regarding the merits of this Motion and the relief requested herein. Plaintiff's counsel opposes this Motion and the relief requested herein. Therefore, it is presented to this Court for determination.

                                            */s/ Paige P. Biggs*
                                            Russell D. Cawyer/Paige P. Biggs

## CERTIFICATE OF SERVICE

On February 4, 2014, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5 (b)(2).

                                            */s/ Russell D. Cawyer*
                                            Russell D. Cawyer/Paige P. Biggs