IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

Fort Worth Division

| | |
|---|---|
| DARREN FOREMAN<br><br>    Plaintiff,<br>v.<br><br>CITY OF FORT WORTH, a municipal corporation and RACHAEL BUCKLEY, ANGELA HERMAN, ANN MARIE MENDEZ, and Does I through 5, in their individual and official capacities<br><br>    Defendants. | 4:13-CV-00526 |

# CORRECTED PLAINTIFF'S RESPONSE TO DEFENDANTS' ZAVALA'S

# AND HIGGINS'

# MOTION FOR ATTORNEY FEES

On December 18, 2013, Plaintiff dismissed without prejudice most of the defendants sued in their individual capacities, including Defendants Higgins and Zavala, from his Complaint and sought leave to file an Amended Complaint. The amended complaint retains three individual defendants and the City of Fort Worth.

One of the defendants works under Zavala and all of the individual defendants are subordinate to Higgins.

Now, before this case had been decided by any vehicle, Higgins and Zavala bring a motion seeking attorney fees alleging the Complaint against them was frivolous. In support of this motion they cite 10 cases, awarding attorney fees to Defendants. All of the cases they cite only did so once the court had ruled in favor of the Defendants and the case was closed by some legal determination.

The 42 U.S.C. 1983 case against the moving defendants in their individual capacity has not made a final determination in their favor, indeed it has not yet initiated discovery. It has merely removed the movants from the litigation if and until evidence is discovered that supports a claim against them.

But at the same time, it places them on notice that a claim may be brought against them in the future, describes the activities that may contain actionable causes against them and provides the foreseeability that would defeat a motion to dismiss for untimeliness in the future brought by the defendants.

The Ninth Circuit Court of Appeal explained the effect and purpose of a dismissal without prejudice in *Chico Scrap Metal Inc, et al. v. Leonard E. Robinson, Director of the California Department of Toxic Substances Control.* 011714 FED, 11-17912 (No. 11-17912) In Chico, the owner of a business convicted for violation of the Toxic Substances Control act sought a declaratory

2

judgment that the cleanup orders were invalid and an award of monetary damages. The lower court dismissed the action, with prejudice, as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). On appeal the court returned the case to the district court to follow *Trimble v. City of Santa Rosa,* 49 F.3d 583 (9th Cir. 1995) and dismiss the case "without prejudice" to allow the plaintiff to "reassert his claims if he ever succeeds in invalidating his conviction."

The Defendants' motion for attorney fees is premature, given the fact that each of the remaining individual defendants worked under one or both of them, ranked much lower than them and could not have taken action without the defendants' knowledge or duty to have knowledge.  It is possible that discovery may reveal some actionable cause against the individual defendants and allow the Plaintiff to reassert his claims against them supported by a factual basis.  Until that time, rather than amend the Complaint and assert facts based on "information and belief," The defendant chose to dismiss without prejudice.

Although the Defendants claim they have paid for attorney fees, it is well known that the City of Fort Worth pays the attorneys that represent defendants in their individual capacity.  At this point it is a benefit provided by the City, not a right to be reimbursed by the Plaintiff.  A judgment in favor of the moving defendants has it is far too early in this case to determine frivolity.

Respectively submitted

Darrenn Foreman
By /s/Sheri Long Cotton_____
Sheri Long Cotton, No. 16759
121 Ethel Lane
Stockbridge, GA  30281
(402)  871 4216
(404) 849 6397
(FAX) 1-800-776-6649

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on 3rd day of March I filed a Response to the motion for attorney fees and on this 4th day of March 2014 a corrected response was electronically filed using the CME/ECF system which will send notification of such filing to the attorneys for the Defendants.

/s/ Sheri Long Cotton